UNITED STATES of America,
Appellee,

v.

Troy MOODY, Kisasi Green,
Defendants,

**Tylon Mims, Defendant–Appellant.**

**No. 10–2993–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 29, 2011.

Lawrence D. Gerzog, Law Offices of Lawrence D. Gerzog, New York, NY, for Appellant.

David E. Novick, Robert M. Spector, for David B. Fein, United States Attorney for the District of Connecticut, Hartford, CT, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Tylon Mims appeals from a judgment of conviction entered on July 15, 2010 by the United States District Court for the District of Connecticut (Arterton, *J.*) for bank fraud in violation of 18 U.S.C. § 1344(1). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Mims alleges violations of his Fifth Amendment right and his right under Federal Rule of Criminal Procedure 43 to be present at his sentencing when his lawyer requested and was heard at a sidebar while Mims sat at counsel table. By sitting silently in court while his attorney sought and obtained a brief sidebar, Mims effectively waived his right to be present. *See United States v. Doe,* 964 F.2d 157, 159 (2d Cir.1992); *see also Polizzi v. United States,* 926 F.2d 1311, 1322–23 (2d Cir. 1991).

Mims argues that the district court failed to adequately resolve Mims's request for a downward departure. A district court commits procedural error where it fails to calculate the Guidelines range, makes a mistake in its Guidelines calculation, treats the Guidelines as mandatory, does not consider the factors enumerated at 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or fails to adequately explain its chosen sentence, including explaining any deviations from the Guidelines. *See United States v. Cavera,* 550 F.3d 180, 189–90 (2d Cir.2008) (*en banc*). The transcript reflects that the court fully articulated the bases for its sentence, including its consideration of Mims's argument for a downward departure. In any event, Mims made no objection to the court's resolution of his motion for a downward departure, so we review only for plain error. *See United States v. Villafuerte,* 502 F.3d 204, 211 (2d Cir. 2007). Finding none, we affirm.

Finding no merit in Mims's remaining arguments, we hereby **AFFIRM** the judgment of the district court.